B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of Florida | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Trigeant, Ltd.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**65-1112037** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL**　　　　　ZIP Code **33431** | Street Address of Joint Debtor (No. and Street, City, and State):<br>　　　　　ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Palm Beach** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>　　　　　ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>　　　　　ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)  (Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
■ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                                            **Page 2**

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Trigeant, Ltd.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed:  **Southern District of Florida** | Case Number:<br>**13-38580-EPK** | Date Filed:<br>**11/27/13** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**See Attachment** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>   Signature of Attorney for Debtor(s)        (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>        _____<br>        (Name of landlord that obtained judgment)<br><br><br>        _____<br>        (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13) <div style="float:right">Page 3</div>

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**Trigeant, Ltd.** |
|---|---|

<div style="text-align:center">**Signatures**</div>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney***

X  /s/ Jordi Guso
_____
Signature of Attorney for Debtor(s)

**Jordi Guso 863580**
Printed Name of Attorney for Debtor(s)

**Berger Singerman LLP**
Firm Name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**

Address

**Email: jguso@bergersingerman.com**
**305-755-9500  Fax: 305-714-4340**
Telephone Number

**September 16, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Stephen Roos
_____
Signature of Authorized Individual

**Stephen Roos**
Printed Name of Authorized Individual

**Manager of  Trigeant, LLC, General Partner of Trigeant, Ltd.**
Title of Authorized Individual

**September 16, 2014**
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

In re    **Trigeant, Ltd.**                                                              ,    Case No. _____
                                                Debtor

## FORM 1. VOLUNTARY PETITION
## <u>Pending Bankruptcy Cases Filed Attachment</u>

| <u>Name of Debtor / District</u> | <u>Case No. / Relationship</u> | <u>Date Filed / Judge</u> |
|---|---|---|
| **Trigeant Holdings, Ltd.**<br>**Southern District of Florida** | **14-29027-EPK**<br>**Parent** | **08/25/14**<br>**Eric P. Kimball** |
| **Trigeant, LLC**<br>**Southern District of Florida** | **14-29030-EPK**<br>**Affiliate** | **08/25/14**<br>**Eric P. Kimball** |

## WRITTEN CONSENT AND CERTIFICATE OF RESOLUTIONS

The undersigned hereby adopt the following resolutions and approve or ratify the following actions, all with effect as of the dates set forth below, pursuant to Florida Statutes, Section 608.4231 and Florida Statutes, Section 620.1406, and in accordance with (i) the Operating Agreement of Trigeant Holdings, LLC, a Florida limited liability company ("Holdings LLC"), (ii) the Operating Agreement of Trigeant, LLC, a Florida limited liability company ("Trigeant LLC"), (iii) the Limited Partnership Agreement of Trigeant Holdings, Ltd., a Florida limited partnership ("Holdings Ltd."); and (iv) the Limited Partnership Agreement of Trigeant, Ltd., a Florida limited partnership ("Trigeant Ltd."); and the undersigned further hereby waive all notice requirements and other formalities relating thereto:

WHEREAS, Stephen Roos is the sole manager of Trigeant LLC; and

WHEREAS, Harry Sargeant II (also known as Harry Sargeant, Jr.) is the sole manager of Holdings LLC; and

WHEREAS, Holdings LLC is the sole general partner of, and owner of a 1% partnership interest in, Holdings Ltd; and

WHEREAS, Holdings Ltd. owns 100% of the member interests of Trigeant LLC; and

WHEREAS, Trigeant LLC is the sole general partner and 1% owner of Trigeant Ltd., and Holdings Ltd. is the sole limited partner and 99% owner of Trigeant Ltd.; and

WHEREAS, Harry Sargeant II, Daniel Sargeant and James Sargeant (collectively, the "Majority Members") each own membership interests in Holdings LLC, with Harry Sargeant II owning 29.25%, Daniel Sargeant owning 29.25%, and James Sargeant owning 12.25% of the membership interests of Holdings LLC, thus comprising in the aggregate 70.75% of the membership interests of Holdings LLC; and

WHEREAS, the Majority Members are also limited partners of Holdings Ltd., and, indirectly and directly (including through their ownership of Holdings LLC), Harry Sargeant II owns 29.25%, Daniel Sargeant owns 29.25%, and James Sargeant owns 12.25% of the partnership interests of Holdings Ltd., thus comprising in the aggregate 70.75% of the partnership interests of Holdings Ltd.; and

WHEREAS, Stephen Roos, as the sole manager of Trigeant LLC, and Harry Sargeant II, as the sole manager of Holdings LLC, and the Majority Members, in their capacities described above, determined (the "Determination") that it is desirable and in the best interests of Trigeant LLC, Holdings Ltd., Holdings LLC, and Trigeant Ltd., and of their respective creditors, employees and other interested persons, that a petition be filed ("Bankruptcy") by Trigeant Ltd. seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which Determination is evidenced by and effective as of the date of that certain Written Consent and Certificate of Resolutions, dated November 27, 2013, of Stephen Roos, as the sole manager of Trigeant LLC, and Harry Sargeant II, as the sole manager of Holdings LLC, Trigeant Ltd.,

1

Trigeant LLC, Holdings Ltd., Holdings LLC, and the Majority Members (the "Prior Consent"); and

WHEREAS, the Prior Consent remains in full force and effect and, consistent with the authorizations granted thereunder, Stephen Roos, as the sole manager of Trigeant LLC, and Harry Sargeant II, as the sole manager of Holdings LLC, and the Majority Members, in their capacities described above entered into that certain letter of intent, dated July 30, 2014, between Isis Energy, LLC (n/k/a Gravity Midstream, LLC) ("Gravity"), Trigeant Ltd., Trigeant LLC, Holdings Ltd., Holdings LLC, and the Majority Member (the "LOI") pursuant to which the parties agreed, in principle, that Trigeant, Ltd. would file for Bankruptcy protection and that Trigeant, Ltd. would undertake a sale of substantially all of its assets to an affiliate of Gravity pursuant to a plan of reorganization and that will be implemented pursuant to a sale under Section 363 of the Bankruptcy Code; and

WHEREAS, each of Stephen Roos, as the sole manager of Trigeant LLC, Harry Sargeant II, as the sole manager of Holdings LLC, Trigeant Ltd., Trigeant LLC, Holdings Ltd., Holdings LLC, and the Majority Members desire to ratify and confirm the Prior Consent and the actions contemplated by the LOI including, without limitation, the filing for Bankruptcy protection by Trigeant, Ltd.

NOW, THEREFORE, BE IT RESOLVED that each of Trigeant LLC, Holdings LLC, and Holdings Ltd., in the foregoing capacities, are authorized, pursuant to the Determination and consistent with the authorizations granted by the Prior Consent and the LOI, to cause Trigeant Ltd. to file, and Trigeant Ltd. therefore remains authorized to file and commence the Bankruptcy, and that this instrument (Written Consent and Certificate of Resolutions) constitutes the express written confirmation that the Determination was made and the acknowledgement that the Bankruptcy will proceed and, without limiting the generality of the foregoing:

(1)     (x) the Majority Members, in their capacity as (i) collectively holding a majority of the membership interests of Holdings LLC, in its capacity as the sole general partner of Holdings Ltd. and (ii) collectively holding a majority of the limited partnership interests of Holdings Ltd., and (y) Holdings LLC, in its capacity as the sole general partner of Holdings Ltd., have the authority, and have exercised the authority, pursuant to the Determination, to cause Holdings Ltd., both in its capacity as the sole member of Trigeant LLC (as the sole general partner of Trigeant Ltd.) and as the sole limited partner of Trigeant Ltd., to cause Trigeant Ltd. to commence the Bankruptcy;

(2)     Harry Sargeant II, in his capacity as the sole manager of Holdings LLC, has the authority, and has exercised the authority, pursuant to the Determination, to cause Holdings LLC, in its capacity as the sole general partner of Holdings Ltd., to cause Holdings Ltd., both in its capacity as the sole member of Trigeant LLC (as the sole general partner of Trigeant Ltd.) and as the sole limited partner of Trigeant Ltd., to commence the Bankruptcy, and

(3)     Stephen Roos, in his capacity as the sole manager of Trigeant LLC, has the authority, and has exercised the authority, pursuant to the Determination, to cause

Trigeant LLC, in its capacity as the sole general partner of Trigeant Ltd., to commence the Bankruptcy; and be it further

RESOLVED, that Stephen Roos (the "Authorized Signatory") is authorized, pursuant to the Determination, on behalf of Trigeant LLC, in its capacity as the sole general partner of Trigeant Ltd. to execute and verify petitions under Chapter 11 of the Bankruptcy Code and to cause such petitions to be filed in a United States Bankruptcy Court for the Southern District of Florida (the "Court"), to be filed at such time as the Authorized Signatory shall determine and to be in the form approved by the Authorized Signatory, such approval to be conclusively evidenced by the execution, verification and filing thereof; and be it further

RESOLVED, that the law firm of Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, is retained, pursuant to the Determination, as attorneys for Trigeant Ltd. in and for all purposes associated with the Bankruptcy, subject to the approval of the Court; and be it further

RESOLVED, that the Authorized Signatory is authorized, pursuant to the Determination, on behalf of Trigeant LLC, in its capacity as the sole general partner of Trigeant Ltd., to execute and file in the Bankruptcy all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to retain and obtain assistance from additional legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary or desirable in connection with the Bankruptcy, with a view to the successful prosecution and consummation of the Bankruptcy; and be it further

RESOLVED, that the Authorized Signatory is authorized, pursuant to the Determination, for and on behalf of (i) Trigeant LLC, both for itself and in its capacity as the sole general partner of Trigeant Ltd., (ii) Holdings Ltd., both for itself and in its capacity as the sole member of Trigeant LLC, and (iii) Holdings LLC, both for itself and in its capacity as the sole general partner of Holdings Ltd., to take any and all actions, to execute, deliver, certify, file and/or record any and all documents, agreements, instruments, motions, affidavits, certificates, applications for approvals or other submissions, and to amend any of the foregoing, and to perform or cause performance pursuant to any of the foregoing or any rulings of the Court or of any governmental or regulatory authorities, and to take any and all steps deemed by the Authorized Signatory to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate and consummate a successful Bankruptcy reorganization; and be it further

RESOLVED, that these Resolutions and the Determination constitute an amendment to the Limited Partnership Agreement of Trigeant Ltd to the extent of any conflicts or inconsistencies between such Agreement and these Resolutions; and be it further

RESOLVED, that any and all actions heretofore taken by the Authorized Signatory or any of the Majority Members, or by employees, managers, officers or directors of Holdings, LLC, Holdings Ltd., Trigeant LLC or Trigeant Ltd. in furtherance of the purposes and intents of any or all of the foregoing resolutions are, pursuant to the Determination, ratified, confirmed, and approved in all respects.

3

[counterpart signature pages follow]

IN WITNESS WHEREOF, the undersigned, severally, have executed and delivered this instrument, in counterparts (each of which and all of which together, when fully signed, will constitute an original).

_____

**Stephen Roos**, Sole Manager of Trigeant, LLC

_____

**Harry Sargeant II**, Sole Manager of Trigeant Holdings, LLC

**TRIGEANT LTD.**:

**Trigeant, Ltd.,** a Florida limited partnership

By: Trigeant, LLC, a Florida limited liability company

    By: Trigeant Holdings, Ltd., a Florida limited partnership, its sole member

       By: Trigeant Holdings, LLC, a Florida limited liability company, its sole general partner

       By: _____

          Harry Sargeant II, Sole Manager

By: Trigeant, LLC, a Florida limited liability company

       By: _____

          Stephen Roos, Sole Manager

**TRIGEANT LLC**:

**Trigeant, LLC,** a Florida limited liability company

    By: Trigeant Holdings, Ltd., a Florida limited partnership, its sole member

       By: Trigeant Holdings, LLC, a Florida limited liability company, its sole general partner

       By: _____

          Harry Sargeant II, Sole Manager

5

IN WITNESS WHEREOF, the undersigned, severally, have executed and delivered this instrument, in counterparts (each of which and all of which together, when fully signed, will constitute an original).  (continued - page two of signature page)

**HOLDINGS LTD.**:

**Trigeant Holdings, Ltd.**, a Florida limited partnership

By: Trigeant Holdings, LLC, a Florida limited liability company, its sole general partner

By: _____

Harry Sargeant II, Sole Manager

**HOLDINGS LLC**:

Trigeant Holdings, LLC, a Florida limited liability company

By: _____

Harry Sargeant II, Sole Manager

**MAJORITY MEMBERS**:

_____

**Harry Sargeant II** (also known as Harry Sargeant, Jr.)

_____

**Daniel Sargeant**

_____

**James Sargeant**

6

5930765-5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TRIGEANT, LTD.,[1]

      Debtor.

_____/

Chapter 11 Case

Case No.

## GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

On the date hereof, Trigeant, Ltd. ("Debtor" or "Trigeant"), in accordance with Federal Rule of Bankruptcy Procedure 1007(b), files its Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("Statements") (collectively, the "Schedules and Statements"). While the Debtor and its advisors have made their best effort to prepare the Schedules and Statements as accurately as possible, the Debtor discloses that it did not have exclusive operational control over the principal asset in this case, a central processing unit for crude oil products and associated property in Corpus Christi Texas, (the "CPU") until December 8, 2013 at 12:01 a.m.

As such, the Schedules and Statements may contain information that will require revision. The information used to compile the Schedules and Statements has not been audited. These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

## General Notes

1.     Schedule B #16: A significant portion of the accounts receivable are of questionable collectability.

2.     Statements #17: Crude oil is considered hazardous material. It is the Debtor's belief that it is in compliance with all applicable laws and regulations regarding the CPU. Additionally, the Debtor is currently unaware of any ongoing environmental investigation at this time or any notice by any agency with regulatory oversight over the

---

[1] The last four digits of the Debtor's taxpayer identification number are 2037, and the Debtor's mailing address is 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.

CPU. Should this change, the Debtor will amend its Schedules and Statements accordingly.

      3.    <u>Global Reservation of Rights</u>:  The Debtor reserves all rights to change, challenge, and dispute any designation, classification, amount, priority or existence of any claim listed in the Schedules and Statements.  The Debtor further reserves the right to assert any defenses, or assert any offset to any claim listed in the Schedules and Statements.  Nothing contained in the Schedules and Statements shall constitute an admission.

<div align="center">

\* \* \* END OF NOTES \* \* \*
\* SCHEDULES BEGIN ON THE FOLLOWING PAGE \*

</div>

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Southern District of Florida

In re    **Trigeant, Ltd.**                          ,     Case No. _____

                                              Debtor         Chapter _____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 100,000,000.00 | | |
| B - Personal Property | Yes | 3 | 46,654,481.12 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 84,118,759.96 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 5 | | 60,154.63 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 13,093,688.14 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 146,654,481.12 | | |
| Total Liabilities | | | | 97,272,602.73 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## Southern District of Florida

In re    **Trigeant, Ltd.** _____,    Case No. _____

                                           Debtor

Chapter _____ **11** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re   **Trigeant, Ltd.**                       ,      Case No. _____
                                         Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **CPU**<br>**6600 Up River Road**<br>**Corpus Christi, Texas** | **Owner** | - | **100,000,000.00** | **84,118,759.96** |

|  |  |  |
|---|---|---|
| Sub-Total > | **100,000,000.00** | (Total of this page) |
| Total > | **100,000,000.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **Trigeant, Ltd.**                                                                     ,    Case No. _____
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **IBC Bank - Operating Account** **5615 Kirby Drive** **Houston, TX 77005** | - | 167.60 |
| | | | **City National Bank - Debtor In Possession Account** **25 West Flagler Street** **Miami, FL 33130** | - | 15,595.58 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | **15,763.18** |
|---|---|---|
|  | (Total of this page) | |

  __2__    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re __**Trigeant, Ltd.**_____ ,     Case No. _____
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Accounts Receivable** | **-** | **46,576,468.36** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Pending lawsuit** **Sargeant Trading, Ltd., Trigeant, Ltd., et al. v. Harry Sargeant III, et al.** | **-** | **Unknown** |

|  | Sub-Total >  | **46,576,468.36** |
|---|---|---|
|  | (Total of this page) |  |

Sheet __**1**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Trigeant, Ltd.**                                                    , Case No. _____

_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Retainer for professionals services** | - | 62,249.58 |

|  | Sub-Total > | 62,249.58 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 46,654,481.12 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Trigeant, Ltd.**                                                              ,    Case No. _____
                                                  Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | | | |
| Account No. | | | | | | CPU 6600 Up River Road Corpus Christi, Texas | | | | | |
| **BTB Refining, LLC** c/o Mark T. Mitchell, Esq. Gardere Wynne Sewell LLP 600 Congress Ave., Ste. 3000 Austin, TX 78701 | X | - | | | | | X | X | X | | |
| | | | | | | Value $            100,000,000.00 | | | | 23,112,259.71 | 0.00 |
| Account No. | | | | | | Real Property Taxes CPU 6600 Up River Road Corpus Christi, Texas | | | | | |
| **Nueces County Tax Collector** 901 Leopard Street Room 301 Corpus Christi, TX 78401 | | - | | | | | | X | | | |
| | | | | | | Value $            100,000,000.00 | | | | 1,109,135.18 | 0.00 |
| Account No. | | | | | | CPU 6600 Up River Road Corpus Christi, Texas | | | | | |
| **PDVSA Petroleo, S.A.** c/o Steven J. Reisman, Esq. Curtis, Mallet-Prevost, et al. 101 Park Avenue New York, NY 10178-0061 | | - | | | | | | X | | | |
| | | | | | | Value $            100,000,000.00 | | | | 55,368,830.82 | 0.00 |
| Account No. | | | | | | CPU 6600 Up River Road Corpus Christi, Texas | | | | | |
| **Texas Asphalt Refining Company, LLC** c/o David M. Toblan, Esq. Oldcastle Law Group 900 Ashwood Pkwy., Ste. 700 Atlanta, GA 30338-4780 | | - | | | | | | | | | |
| | | | | | | Value $            100,000,000.00 | | | | 4,528,534.25 | 0.00 |

**0**    continuation sheets attached

|  | Subtotal (Total of this page) | 84,118,759.96 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 84,118,759.96 | 0.00 |

B6E (Official Form 6E) (4/13)

.

In re  **Trigeant, Ltd.**                                                          ,    Case No. _____

_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

■ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**4**     continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Trigeant, Ltd.**                                                    Case No. _____

_____,

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | | |
| Account No.<br><br>**Gonzales, Raul**<br>**4433 Sutton Lane**<br>**Corpus Christi, TX 78412** | - | | | | **Wages** | | | | 1,291.80 | 0.00 | 1,291.80 |
| Account No.<br><br>**Lussier, Michael**<br>**261 County Road 625**<br>**Sinton, TX 78387** | - | | | | **Wages** | | | | 1,285.34 | 0.00 | 1,285.34 |
| Account No.<br><br>**Ramos, Joe Jr.**<br>**427 County Road 449**<br>**Mathis, TX 78368** | - | | | | **Wages** | | | | 1,108.80 | 0.00 | 1,108.80 |
| Account No.<br><br>**Ramos, Jose Sr.**<br>**6902 Anastasia**<br>**Corpus Christi, TX 78413** | - | | | | **Wages** | | | | 1,996.37 | 0.00 | 1,996.37 |
| Account No.<br><br>**Rich, Terri**<br>**24765 County Road 350**<br>**Mathis, TX 78368** | - | | | | **Wages** | | | | 1,011.91 | 0.00 | 1,011.91 |

Sheet  **1**  of  **4**   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal<br>(Total of this page) | 6,694.22 | 0.00<br>6,694.22 |
|---|---|---|---|

B6E (Official Form 6E) (4/13) - Cont.

In re    **Trigeant, Ltd.**                                              ,          Case No. _____
                                         Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Wages | | | | | | |
| **Valverde, Gary** **6902 Anastasia** **Corpus Christi, TX 78413** | | - | | | | | 1,115.25 | 0.00 | 1,115.25 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet  __2__  of  __4__  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | 0.00 | |
|---|---|---|
| 1,115.25 | | 1,115.25 |

B6E (Official Form 6E) (4/13) - Cont.

In re   **Trigeant, Ltd.**                                                    ,            Case No. _____
                              Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Contributions to employee benefit plans**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Sargeant Bulktainers** **3020 North Military Trail** **Suite 100** **Boca Raton, FL 33431** | - | | | | | | 48,810.88 | 0.00 <br> 48,810.88 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet  **3**  of  **4**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 48,810.88 | 0.00 <br> 48,810.88 |
|---|---|---|---|

B6E (Official Form 6E) (4/13) - Cont.

In re  **Trigeant, Ltd.**                                                    ,     Case No. _____
                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Payroll taxes** | | | | | |
| **Paymaster, Inc. 1880 North Congress Avenue Suite 222 Boynton Beach, FL 33426** | - | | | | | | | 0.00 |
| | | | | | | | 3,534.28 | 3,534.28 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet __4__ of __4__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 0.00 |
|---|---|---|
| | (Total of this page) | 3,534.28 / 3,534.28 |
| | Total | 0.00 |
| | (Report on Summary of Schedules) | 60,154.63 / 60,154.63 |

B6F (Official Form 6F) (12/07)

In re    **Trigeant, Ltd.**                                                    ,    Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | - | | | | | |
| **AT&T** **P.O. Box 5001** **Carol Stream, IL 60197-5001** | | | | | | | 338.30 |
| Account No. | | - | | | | X | |
| **Bay Ltd.** **P.O. Box 9908** **Corpus Christi, TX 78469-9908** | | | | | | | 1,334,124.37 |
| Account No. | | - | | | | X | |
| **Cameron-McKinney, LLC** **1001 McKinney** **Suite 580** **Houston, TX 77002** | | | | | | | 211,032.70 |
| Account No. | | - | | | | | |
| **City of Corpus Christi** **1201 Leopard Street** **Corpus Christi, TX 78401-2825** | | | | | | | 1,025.71 |
| __3__ continuation sheets attached | | | Subtotal (Total of this page) | | | | 1,546,521.08 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Trigeant, Ltd.**                                                          ,    Case No. _____
                                  Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Claims Purchase Systems, Inc.<br>c/o Alan R. Crane, Esq.<br>Furr & Cohen, P.A.<br>One Boca Place, Ste. 337W<br>Boca Raton, FL 33431 | - | | | | | | 2,804,508.61 |
| Account No. | | | | | | | |
| Corpus Christi Area Oil Spill Control<br>1231 Navigation Blvd.<br>Corpus Christi, TX 78407 | - | | | | | | 5,000.00 |
| Account No. | | | | | | | |
| Cunningham Law Group<br>2221 Brun Street<br>Houston, TX 77019 | - | | | | | X | 21,962.65 |
| Account No. | | Judgment | | | | | |
| Daegis<br>c/o Sinead O' Carroll, Esq.<br>221 W. 6th Street<br>Suite 1000<br>Austin, TX 78701 | - | | | | | | 114,489.48 |
| Account No. | | | | | | | |
| Direct Energy Business<br>1001 Liberty Avenue<br>12th Floor<br>Pittsburgh, PA 15222 | - | | | | | | 7,956.47 |

Sheet no.  __1__  of  __3__  sheets attached to Schedule of          Subtotal          | 2,953,917.21
Creditors Holding Unsecured Nonpriority Claims                (Total of this page)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Trigeant, Ltd.**                                                                    ,          Case No. _____
_____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| **Harry Sargeant II** <br> **3020 North Military Trail** <br> **Suite 100** <br> **Boca Raton, FL 33431** | - | | | | | | | 323,464.93 |
| Account No. | | | | | | | | |
| **Johann Haltermann Ltd.** <br> **Payable Acctg Service Center** <br> **P.O. Box 6004** <br> **Midland, MI 48641-6004** | - | | | | X | | | 5,923.48 |
| Account No. | | | | | | | | |
| **McDonnell, Rex G., IV** <br> **P.O. Box 2193** <br> **Georgetown, TX 78627** | - | | | | | | | 450.00 |
| Account No. | | | Judgment | | | | | |
| **Merrill Communications, LLC** <br> **CM-9638** <br> **Saint Paul, MN 55170-9638** | - | | | | | | | 16,923.00 |
| Account No. | | | | | | | | |
| **Message Labs, Inc.** <br> **512 Seventh Avenue** <br> **6th Floor** <br> **New York, NY 10018** | - | | | | | | X | 1,094.93 |

Sheet no. __2__ of __3__ sheets attached to Schedule of                                Subtotal                      347,856.34
Creditors Holding Unsecured Nonpriority Claims                                    (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **Trigeant, Ltd.**                                                    , Case No. _____
                                      Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Odfjell Tankers AS** c/o Robert L. Klawetter, Esq. **Eastham, Watson, Dale & Forney, LLP** 808 Travis, Suite 1300 Houston, TX 77002-5769 | - | | | | | X | 8,000,000.00 |
| Account No. | | Judgment | | | | | |
| **Princeton Economics Group, Inc.** c/o Steven L. Gutter, Esq. 2200 Corporate Blvd. NW Boca Raton, FL 33431 | - | | | | | | 10,551.00 |
| Account No. | | | | | | | |
| **Reliant Energy** Dept. 650475 1501 N. Plano Road Richardson, TX 75081 | - | | | | | | 162,541.49 |
| Account No. | | | | | | | |
| **Travieso Evans Arria Rengel & Paz** Edificio Atlantic, Piso 6 Avenida Andres Bello Los Grandes Caracas 1060, Venezuela | - | | | | | X | 57.50 |
| Account No. | | | | | | | |
| **Trigeant Holdings, Ltd.** 3020 North Military Trail Suite 100 Boca Raton, FL 33431 | - | | | | | | 72,243.52 |

Sheet no. __3__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 8,245,393.51 |
| Total (Report on Summary of Schedules) | | 13,093,688.14 |

B6G (Official Form 6G) (12/07)

In re    **Trigeant, Ltd.**                                                                    ,    Case No. _____

                                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Berry Contracting, Inc.**<br>**P.O. Box 4858**<br>**Corpus Christi, TX 78469-4858** | **Waterline Use Agreement** |
| **Berry Contracting, Inc.**<br>**P.O. Box 4858**<br>**Corpus Christi, TX 78469-4858** | **Asphalt Purchase and Sale Agreement** |
| **Berry Contracting, Inc.**<br>**P.O. Box 4858**<br>**Corpus Christi, TX 78469-4858** | **Pipeline Agreement** |
| **Berry Contracting, Inc.**<br>**P.O. Box 4858**<br>**Corpus Christi, TX 78469-4858** | **Pipeline Use Agreement** |
| **Berry Contracting, Inc.**<br>**P.O. Box 4858**<br>**Corpus Christi, TX 78469-9908** | **Road Use Agreement** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Dock Use, Construction, Maintenance and Option Agreement** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Lease Back Agreement** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Mutual Agreement for Dock Projects** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Master Service Agreement** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Special Warranty Deed** |
| **Berry GP, Inc. d/b/a Bay, Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Equipment Rental Agreement** |
| **Berry, GP, Inc. d/b/a Bay Ltd.**<br>**P.O. Box 9908**<br>**Corpus Christi, TX 78469-9908** | **Lease Agreement** |

**1**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re    **Trigeant, Ltd.**

Debtor

Case No. _____

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Citgo Refining and Chemicals Co.**<br>**1802 Nueces Bay Blvd.**<br>**Corpus Christi, TX 78407** | **Supplement to Joint Use Agreement** |
| **Freepoint Commodities Trading and Market**<br>**58 Commerce Blvd.**<br>**Stamford, CT 06902** | **Lease Agreement** |
| **Missouri Pacific Railroad Company**<br>**1400 Douglas Street**<br>**Omaha, NE 68179** | **See attached list** |
| **Union Pacific Railroad Company**<br>**1400 Douglas Street**<br>**Omaha, NE 68179** | **See attached list** |

Sheet   __1__   of   __1__   continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

## Schedule 'G' – Executory Contracts and Unexpired Leases
### Railroad Agreements

| Party to Agreement | Folder No. | Audit No. | Date | Description |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 745-88 | 202881 | 01-Feb-97 | Industry Track Contract covering use of 1,272 feet of Track No. ICC 50-118, CC150, Zone 13, Track 794 |
| Union Pacific Railroad Co. | 1332-23 | 148090 | 18-May-89 | Agreement covering `12" asphalt and two 2" steam pipeline crossing at MP 143.65. |
| Union Pacific Railroad Co. | 1332-24 | 148097 | 18-May-89 | Agreement covering 12" asphalt and two 2" steam pipeline crossings at MP 143.51. |
| Union Pacific Railroad Co. | 969-51 | CA -87008 | 11-Mar-85 | Agreement covering underground 12" asphalt and 2" and 3" steam pipelines at MP 143.26. |
| Missouri Pacific Railroad Co. | 1193-29 | CA -87007 | 11-Mar-85 | Agreement covering underground 14" oil and gas pipelines at MP 143.89 (by Licensee's survey MP 143.51), at Eng. Chain St. 311+ 93.6. |
| Union Pacific Railroad Co. | 1395-73 | 171025 | 21-Mar-94 | Agreement for Lease of Industrial Property (triangular in shape ) at MP 143.6. |
| Union Pacific Railroad Co. | 1581-43 | 201422 | 01-Sep-97 | Agreement covering underground 30" Underground crude oil pipeline at MP 143.25. |
| Union Pacific Railroad Co. | 1584-56 | 201428 | 01-Sep-97 | Agreement covering underground 16' Underground firewater pipeline at MP 143.26.  Ag. |
| Union Pacific Railroad Co. | 1581-47 | 201423 | 01-Sep-97 | Agreement covering underground 3", 4", 6" & 4" underground pipelines for conveying rain H20 return, oily H20, rain steam and condensate $H_2O$ return, oily $H_2O$, steam and condensate at MP 143.45. |

| | | | | |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 1581-46 | 201420 | 01-Sep-97 | Agreement covering an underground 4X 4 underground electrical conduit & instrumentation pipeline at MP 143.45 conveying instrumentation. |
| Union Pacific Railroad Co. | 1581-45 | 201417 | 01-Sep-97 | 8" underground asphalt pipeline at MP 143.63. |
| Union Pacific Railroad Co. | 1395-48 | - | - | Proposed 42" Underground Petroleum Line & a 60" Conveyor at MP 143.66. |
| Union Pacific Railroad Co. | 1770-81 | - | 27-Aug-99 | Proposed track construction project at Corpus Christi, TX - MP 142.51 to 144.51 |
| Missouri Pacific Railroad Co. | None | CA73999 | 23-Oct-75 | Commercial Road Crossing License Eng. Chain 312 + 18 – 116 feet West of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | None | - | - | Easement for railroad purposes from Alice Dunn to Missouri Pacific Railroad Co., dated May 6, 1958, recorded in Volume 813, Page 513 |
| Union Pacific Railroad Co. | 745-88 | 202881 | 01-Feb-97 | Industry Track Contract – Articles of Agreement.  1,272 feet of Track No. ICC 50-118; Chain 0+00 + 1+32 + 0+86.8 + 12+72; MP 142.36 |
| Union Pacific Railroad Co. | 2024-75 | 223704 | 18-Dec-01 | Agreement covering  2" condensate, 2" stream, and 12" asphalt pipeline crossing |
| Union Pacific Railroad Co. | 2049-46 | | 10-Dec-01 | Track Lease Agreement covering 4,592 feet of ICC Track No. 50-104 (Circ7: CC150, Yard 13, Track 120) and 1,244 feet of ICC Track No. 50-107 (Circ7: CC150, Yard 13, Track 791), as amended pursuant to that certain Joint Use Agreement and Supplement thereto, with Citgo |

| | | | | |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 2437-57 | - | 2-April-07 | Industry Track Contract covering 1,272 feet of ICC Track No. 794 (Circ7: CC150, Yard 13, Track 794) |
| Union Pacific Railroad Co. | 2062-74 | 224810 | 8-Mar-02 | Pipeline Crossing Agreement covering overhead pipe bridge pipeline crossing carrying one 2" and one 12" pipeline |
| Missouri Pacific Railroad Co. | None | CA74001 | 15-Oct-75 | Continuous line of steel pipe, 6" in diameter, and appurtenances; 79' west of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | None | CA73997 | 15-Oct-75 | Continuous line of steel pipe, 3" in diameter, and appurtenances; 75' west of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | 141773 | 168743 | 4-Feb-93 | Spur on newly acquired 4.56 acres (Old Corpus Christi Grain Property Spur) |

B6H (Official Form 6H) (12/07)

In re    **Trigeant, Ltd.**                                                              ,    Case No. _____

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Swordfish Asphalt Investments, LLC**<br>**3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** | **BTB Refining, LLC**<br>**c/o Mark T. Mitchell, Esq.**<br>**Gardere Wynne Sewell LLP**<br>**600 Congress Ave., Ste. 3000**<br>**Austin, TX 78701** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of Florida

In re   **Trigeant, Ltd.**                Case No. _____

                          Debtor(s)      Chapter    **11** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the Manager of  Trigeant, LLC, General Partner of Trigeant, Ltd. of the partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **19**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **September 16, 2014**          Signature    **/s/ Stephen Roos** _____

                                                  **Stephen Roos**
                                                  **Manager of  Trigeant, LLC, General Partner of Trigeant, Ltd.**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of Florida

In re  **Trigeant, Ltd.**

_____

Debtor(s)

Case No. _____

Chapter  **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### _DEFINITIONS_

_"In business."_ A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

_"Insider."_ The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

#### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$80,000.00** | **2013 Income from operations** |

---

#### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                SOURCE

---

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None □

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **PDVSA Petroleo, S.A. v. Trigeant, Ltd., BTB Refining, LLC, Harry Sargeant, III Case No. 09-cv-00038** | **Fraudulent Transfer** | **United States District Court for the Southern District of Texas** | **Judgment** |
| **BTB Refining, LLC v. Trigeant, Ltd., Trigeant, LLC, Stephen Roos, and Harry Sargeant, Jr. Case No. 2013-38405** | **Damages** | **District Court of Harris County, Texas 16th Judicial District** | **Pending** |
| **BTB Refining, LLC v. Trigeant Holdings, Ltd. and Trigeant, LLC Civil Action No. 378773-V** | **Declaratory Relief** | **Circuit Court for Montgomery County, Maryland** | **Pending** |
| **Trigeant, Ltd. v. Texas Asphalt Refining Company, LLC Civil Action No. H-10-372** | | **United States District Court for the Southern District of Texas, Houston Division** | **Pending** |
| **PDVSA Petroleo, S.A. v. Trigeant, Ltd. Appeal No. 13-40372** | **Appeal** | **The United States Court of Appeal for the Fifth Circuit** | **Dismissed** |

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Sargeant Trading, Ltd., Trigeant, Ltd., et al. v. Harry Sargeant III, et al. Case No. 2013 CA 015262** | **Damages** | **Fifteenth Judicial Circuit, In and for Palm Beach County, Florida** | **Pending** |
| **Trigeant, Ltd. vs. BTB Refining, LLC Cae No. 2014DCV-2966-H** | **Quiet Title** | **Nueces County, Texas** | **Pending** |
| **Trigeant, Ltd. vs. BTB Refining, LLC Case No. 14-01335-EPK** | **Damages** | **United States Bankruptcy Court Southern District of Florida** | **Pending** |

None
■
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **None** | | **Described in the Order on Motions Filed by BTB Refining, LLC (ECF No. 198) and Trigeant, Ltd. (ECF No. 213) [ECF No. 223] in re Trigeant, Ltd., Case No. 13-38580-EPK.** |

**6. Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Berger Singerman LLP**<br>**1450 Brickell Avenue**<br>**Suite 1900**<br>**Miami, FL 33131** | **September 16, 2014 advanced by**<br>**Sargeant Trading, Ltd.** | **$35,000.00** |

**10. Other transfers**

None
■
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **BTB Refining, LLC**<br>**c/o Mark T. Mitchell, Esq.**<br>**Gardere Wynne Sewell LLP**<br>**600 Congress Ave., Ste. 3000**<br>**Austin, TX 78701** | **Crude oil and related products**<br>**Estimated value unknown** | **CPU, 6600 Up River Road, Corpus Christi, TX** |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

B7 (Official Form 7) (04/13)
6

None    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
☐     or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
     the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **See Global Notes** | | | |

None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
☐     Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **See Global Notes** | | | |

None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
☐     the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
     docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| **Unknown** | | |

---

**18 . Nature, location and name of business**

None    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
■     ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
     partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
     immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
     within **six years** immediately preceding the commencement of this case.

     *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
     ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
     years** immediately preceding the commencement of this case.

     *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
     ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
     years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

---

B7 (Official Form 7) (04/13)
7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Stephen Roos**<br>**3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** | |

None
☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Stephen Roos** | **3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** | |

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Stephen Roos** | **3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** |

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None
■

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

B7 (Official Form 7) (04/13)
8

#### 21 . Current Partners, Officers, Directors and Shareholders

None
☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Trigent Holdings, Ltd.**<br>**3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** | | **99%** |
| **Trigeant, LLC**<br>**3020 North Military Trail**<br>**Suite 100**<br>**Boca Raton, FL 33431** | | **1%** |

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|

#### 22 . Former partners, officers, directors and shareholders

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

#### 23 . Withdrawals from a partnership or distributions by a corporation

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

#### 24. Tax Consolidation Group.

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

#### 25. Pension Funds.

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

B7 (Official Form 7) (04/13)
9

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **September 16, 2014**               Signature   **/s/ Stephen Roos**
                                                        **Stephen Roos**
                                                        **Manager of  Trigeant, LLC, General Partner of Trigeant,**
                                                        **Ltd.**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

## United States Bankruptcy Court
### Southern District of Florida

In re    __Trigeant, Ltd.__ _____

                         Debtor(s)

Case No. _____

Chapter    __11__ _____

# VERIFICATION OF CREDITOR MATRIX

I, the Manager of  Trigeant, LLC, General Partner of Trigeant, Ltd. of the partnership named as the debtor in this case, hereby verify

that the attached list of creditors is true and correct to the best of my knowledge.

Date:    __September 16, 2014__ _____

__/s/ Stephen Roos__ _____

__Stephen Roos/Manager of  Trigeant, LLC, General Partner of Trigeant, Ltd.__
Signer/Title

```
AT&T
P.O. Box 5001
Carol Stream, IL 60197-5001


Bay Ltd.
P.O. Box 9908
Corpus Christi, TX 78469-9908


Berry Contracting, Inc.
P.O. Box 4858
Corpus Christi, TX 78469-4858


Berry Contracting, Inc.
P.O. Box 4858
Corpus Christi, TX 78469-9908


Berry GP, Inc. d/b/a Bay, Ltd.
P.O. Box 9908
Corpus Christi, TX 78469-9908


Berry, GP, Inc. d/b/a Bay Ltd.
P.O. Box 9908
Corpus Christi, TX 78469-9908


BTB Refining, LLC
c/o Mark T. Mitchell, Esq.
Gardere Wynne Sewell LLP
600 Congress Ave., Ste. 3000
Austin, TX 78701


Cameron-McKinney, LLC
1001 McKinney
Suite 580
Houston, TX 77002


Citgo Refining and Chemicals Co.
1802 Nueces Bay Blvd.
Corpus Christi, TX 78407


City of Corpus Christi
1201 Leopard Street
Corpus Christi, TX 78401-2825
```

Claims Purchase Systems, Inc.
c/o Alan R. Crane, Esq.
Furr & Cohen, P.A.
One Boca Place, Ste. 337W
Boca Raton, FL 33431


Corpus Christi Area Oil Spill Control
1231 Navigation Blvd.
Corpus Christi, TX 78407


Cunningham Law Group
2221 Brun Street
Houston, TX 77019


Daegis
c/o Sinead O' Carroll, Esq.
221 W. 6th Street
Suite 1000
Austin, TX 78701


Daegis
c/o Sinead O' Carroll, Esq.
Reeves & Brightwell LLP
221 W 6th Street, Ste. 1000
Austin, TX 78701


Direct Energy Business
1001 Liberty Avenue
12th Floor
Pittsburgh, PA 15222


Freepoint Commodities Trading and Market
58 Commerce Blvd.
Stamford, CT 06902


Gonzales, Raul
4433 Sutton Lane
Corpus Christi, TX 78412


Harry Sargeant II
3020 North Military Trail
Suite 100
Boca Raton, FL 33431

Johann Haltermann Ltd.
Payable Acctg Service Center
P.O. Box 6004
Midland, MI 48641-6004


Johann Haltermann, Ltd.
P.O. Box 6004
Midland, MI 48641-6004


Lussier, Michael
261 County Road 625
Sinton, TX 78387


McDonnell, Rex G., IV
P.O. Box 2193
Georgetown, TX 78627


Merrill Communications, LLC
CM-9638
Saint Paul, MN 55170-9638


Message Labs, Inc.
512 Seventh Avenue
6th Floor
New York, NY 10018


Missouri Pacific Railroad Company
1400 Douglas Street
Omaha, NE 68179


Nueces County Tax Collector
901 Leopard Street
Room 301
Corpus Christi, TX 78401


Odfjell Tankers AS
c/o Robert L. Klawetter, Esq.
Eastham, Watson, Dale & Forney, LLP
808 Travis, Suite 1300
Houston, TX 77002-5769


Paymaster, Inc.
1880 North Congress Avenue
Suite 222
Boynton Beach, FL 33426

PDVSA Petroleo, S.A.
c/o Steven J. Reisman, Esq.
Curtis, Mallet-Prevost, et al.
101 Park Avenue
New York, NY 10178-0061


Princeton Economics Group, Inc.
c/o Steven L. Gutter, Esq.
2200 Corporate Blvd. NW
Boca Raton, FL 33431


Ramos, Joe Jr.
427 County Road 449
Mathis, TX 78368


Ramos, Jose Sr.
6902 Anastasia
Corpus Christi, TX 78413


Reliant Energy
Dept. 650475
1501 N. Plano Road
Richardson, TX 75081


Rich, Terri
24765 County Road 350
Mathis, TX 78368


Sargeant Bulktainers
3020 North Military Trail
Suite 100
Boca Raton, FL 33431


Swordfish Asphalt Investments, LLC
3020 North Military Trail
Suite 100
Boca Raton, FL 33431


Texas Asphalt Refining Company, LLC
c/o David M. Toblan, Esq.
Oldcastle Law Group
900 Ashwood Pkwy., Ste. 700
Atlanta, GA 30338-4780

Travieso Evans Arria Rengel & Paz
Edificio Atlantic, Piso 6
Avenida Andres Bello
Los Grandes
Caracas 1060, Venezuela


Trigeant Holdings, Ltd.
3020 North Military Trail
Suite 100
Boca Raton, FL 33431


Trigeant, LLC
3020 North Military Trail
Suite 100
Boca Raton, FL 33431


Union Pacific Railroad Company
1400 Douglas Street
Omaha, NE 68179


Valverde, Gary
6902 Anastasia
Corpus Christi, TX 78413