UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

TRIGEANT, LTD.,[1]

Chapter 11 Case

Case No. 14-30727-EPK

            Debtor.
_____/

**DEBTOR'S *EX PARTE* MOTION FOR JOINT ADMINISTRATION**

Trigeant, Ltd. (the "Debtor"), by and through undersigned proposed counsel, pursuant to 11 U.S.C. § 101(2), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Local Rule 1015-1, files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the joint administration of its chapter 11 case with the bankruptcy cases of Trigeant Holdings, Ltd. and Trigeant, LLC (the "Initial Debtors"), which are jointly administered under Case No. 14-29027-EPK. In support of this Motion, the Debtor respectfully represents the following:

**Preliminary Statement**

Joint administration of this bankruptcy case with the jointly administered cases of the Initial Debtors will allow for the efficient and convenient administration of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm any substantive rights of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the bankruptcy estate. Joint administration will also lessen the administrative burden on this Court. The Debtor believes that the relief requested in this Motion

5934562-5

is needed to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined below).  The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion.  The Debtor does not anticipate that its creditors would oppose the relief requested herein, which seeks procedural relief only.

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On August 25, 2014, the Initial Debtors filed petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Initial Debtors are operating their businesses and managing their affairs as debtors in possession.

3. The Initial Debtors' cases are jointly administered pursuant to the Order Granting Joint Administration [ECF Nos. 24 and 26, respectively] in the Initial Debtors' cases.

4. On the date hereof, the Debtor commenced this case by filing a petition under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its affairs as a debtor in possession.

5. The Debtor is an affiliate of the Initial Debtors, as contemplated by section 101(2) of the Bankruptcy Code.  Trigeant, LLC is the 1% general partner of the Debtor, and Trigeant Holdings, Ltd. is the 99% limited partner of the Debtor.

---

[1] The last four digits of the Debtor's federal tax identification number is 2037.  The address for the Debtor is 3020 North Military Trail, Ste. 100, Boca Raton, FL  33431.

**Relief Requested**

6. By this Motion, the Debtor seeks entry of an order directing the joint administration of its chapter 11 case with the Initial Debtors' chapter 11 cases under Case No. 14-29027-EPK, for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. The Debtor also requests that if the case was initially assigned to a different judge, the case be transferred to the Judge to whom the Initial Debtors' cases are assigned.

**Basis for Relief**

8. Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

9. The Debtor is an "affiliate", as that term is defined in section 101(2) of the Bankruptcy Code, as Trigeant LLC is the general partner of the Debtor, and Trigeant Holdings, Ltd. owns 99% of the partnership interests in the Debtor.

10. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.,* 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtor is a separate and distinct entity, the issues that will be addressed in this bankruptcy case will be related and overlapping with the bankruptcy cases of the Initial Debtors. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. The Debtor submits that joint administration of its chapter 11 case with the jointly administered bankruptcy cases of the Initial Debtors will obviate the need for duplicative notices,

motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtor and its estate.

      12.     The Debtor's creditors' rights will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtor's estate with those of the Initial Debtors. As such, the Debtor will continue to operate as a separate and distinct legal entity and will continue to maintain its books and records in the ordinary course of business. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of this chapter 11 case by the Office of the United States Trustee will be simplified.

      13.     The Debtor also seeks the Court's direction that a notation substantially similar to the following notation be entered in the docket of the Debtor's case to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Trigeant Holdings, Ltd.; (ii) Trigeant, LLC and (iii) Trigeant, Ltd. The docket of Trigeant Holdings, Ltd. (Case No. 14-29027-EPK) should be consulted for all matters affecting this case.

      14.     Accordingly, the Debtor submits that the joint administration of this chapter 11 case with the Initial Debtors' chapter 11 cases is in the best interests of the Debtor, its estate, and other parties-in-interest.

**WHEREFORE**, the Debtor respectfully requests entry of an order, in the form attached hereto as **Exhibit A,** authorizing the joint administration of this chapter 11 case for procedural purposes only and granting such other and further relief as is just and equitable.

Dated:  September 16, 2014

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for Debtor-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

By:   */s/ Isaac M. Marcushamer*
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com
      Isaac M. Marcushamer
      Florida Bar No. 060373
      imarcushamer@bergersingerman.com

# **EXHIBIT "A"**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

TRIGEANT, LTD.,[1]

          Debtor.
_____/

Chapter 11 Case

Case No.14-30727-EPK

**ORDER GRANTING DEBTORS'** *EX PARTE*
**MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** came before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. ___] (the "Motion") filed by Trigeant, Ltd., (the "Debtor"). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtor, with the jointly administered bankruptcy estate of Trigeant Holdings, Ltd., and Trigeant, LLC (collectively, the "Initial Debtors"). [ECF No. 24 in Case No. 14-bk-29030 and ECF No. 26 in Case No. 14-29027]. The Court finds that (i) it has jurisdiction

---

[1] The last four digits of the Debtor's federal tax identification number is 2037. The address for the Debtor is 3020 North Military Trail, Ste. 100, Boca Raton, FL 33431.

5898582-2

over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor and Initial Debtors, their estates, and their creditors; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; and (vi) upon the record herein after good and sufficient cause existing for the granting of the relief as set forth herein; it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The above-captioned bankruptcy case shall be jointly administered with Case No. 14-29027-EPK.  Case No. 14-29027-EPK is designated as the "lead case."

3. A single case docket and court file will be maintained hereunder under the "lead case" number.

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TRIGEANT HOLDINGS, LTD., *et al.*, | Case No.  14-29027-EPK |
|  | (Jointly Administered) |
| Debtors. |  |
| _____/ |  |

6. Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that

5898582-2                                    2

caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case.

7. Parties may request joint hearings on matters pending in any of the jointly administered cases.

8. A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Trigeant Holdings, Ltd.; (ii) Trigeant, LLC and (iii) Trigeant, Ltd. The docket of Trigeant Holdings, Ltd. (Case No. 14-29027-EPK) should be consulted for all matters affecting this case.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

Submitted by:
Isaac M. Marcushamer, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
E-mail: imarcushamer@bergersingerman.com

Copy furnished to:
Isaac M. Marcushamer, Esq.
*(Attorney Marcushamer is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service).*

5898582-2                         3